**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 24-80327-CIV-CANNON**

**JOHN PATE,**

    Plaintiffs,

v.

**DEPARTMENT OF STATE,**

    Defendant.
_____/

**ORDER DISMISSING COMPLAINT AS FRIVOLOUS**

**THIS CAUSE** comes before the Court upon a sua sponte review of Plaintiff's Complaint [ECF No. 1], and the accompanying Motion to proceed *in forma pauperis* [ECF No. 3]. For the reasons below, the Complaint is **DISMISSED WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND**, and the Clerk is **DIRECTED TO CLOSE** this case.

**LEGAL STANDARDS**

A district court possesses "the power to control and direct the cases on its docket," including "the inherent power to dismiss a case." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981).[1] The Eleventh Circuit has prohibited the sua sponte dismissal of a case where "1) the defendant had not filed an answer and the plaintiff still had a right to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure; 2) the plaintiff brought his claim in good faith; and 3) the district court failed to provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057

---

[1] Decisions rendered by a Unit B panel of the former Fifth Circuit are circuit precedent in the Eleventh Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

(11th Cir. 2007) (citing to *Jefferson Fourteenth Assocs. V. Wometco de P.R., Inc.*, 695 F.2d 524, 527 (11th Cir. 1983)). There is an exception to the general rule against dismissals without notice when the complaint is patently frivolous or if amendment would be futile. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). A complaint is "frivolous" where "it lacks an arguable basis either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Although *pro se* pleadings are held to a less stringent standard than those drafted by attorneys and thus are liberally construed, liberal construction does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

## DISCUSSION

Plaintiff's Complaint, which consists of sixteen pages of scattershot excerpts from provisions of law and allegations that terrorist attacks across Europe were covered up by the U.S. government, warrants dismissal as patently frivolous. Plaintiff sues Defendant Department of State for allegedly working in concert with the "Trump Family," the "Colombo Crime Family," the "Jewish Mafia," and "Los Angeles Socialites" to destroy Plaintiff's business and cover up the aforementioned terrorist attacks [ECF No. 1]. Plaintiff requests compensatory damages of $50 billion for the destruction of his business and having "never had one day on this earth that was worth living and always surrounded by Jews and other Indians" [ECF No. 1 pp. 14–15]. On its face, Plaintiff's Complaint lacks any arguable basis in law or fact and therefore warrants dismissal under the Court's inherent authority to dismiss a complaint sua sponte if the allegations are frivolous.

CASE NO. 24-80327-CIV-CANNON

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**, without leave to amend in this action.

2. The Clerk **SHALL CLOSE** this case.

3. Plaintiff's Motion to proceed *in forma pauperis* [ECF No. 3] is **DENIED AS MOOT**.

4. The Clerk is directed to **MAIL** a copy of this Order to Plaintiff at the address listed below.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of March 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   John Pate
      3126 Shattuck Avenue
      Berkley, California 94705
      PRO SE

3